**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

MEGAN FRASER,

    Plaintiff,

v.

ENVIRONMENTAL TRACING, LLC,
a Florida Limited Liability Company

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, MEGAN FRASER ("Plaintiff"), by and through her undersigned attorney, hereby files this Complaint against Defendant ENVIRONMENTAL TRACING, LLC ("ET LLC," or "Defendant"), and says:

### **JURISDICTION AND VENUE**

1. This action is brought against Defendant pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act") and Florida Common Law.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

1

4. All conditions precedent to this action have been performed or waived.

5. Plaintiff sent a letter of demand to Defendant contemporaneously with the filing of this action which put Defendant on notice of her intent to initiate the instant action ("Demand," attached hereto as "Exhibit A"), pursuant to Fla. Stat. §448.110(6)(a).

## PARTIES

6. Plaintiff is a resident of Miami-Dade County. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a Project Manager, the responsibilities of which entailed different aspects of ET LLC's services, including but not limited to fieldwork, lab work and sample analysis, data processing, office management and personal support to Defendant's owner, Jon Marsh. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7. Defendant ET LLC is a Florida Limited Liability Company organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. ET LLC has its principal place of business in Miami Beach, Florida. Defendant ET LLC has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. ET LLC is an environmental engineering company which provides field services, project management and consultancy across a range of Marine, Energy and Water industry sectors.

9. At all times relevant hereto, Defendant was a covered employer under the 29 U.S.C. § 203(d) and (s)(1) in that it had employees engaged in commerce or in the production of goods for commerce or that had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. At all times material to this Complaint, Defendant ET LLC has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 203.

11. Defendant ET LLC, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

## GENERAL ALLEGATIONS

12. On or about July 14, 2019, Plaintiff entered into an Employment Agreement ("Agreement") with Defendant, wherein Plaintiff would work for Defendant as a project manager, she would work approximately fifty (50) to sixty (60) hours per week, and she would be compensated at a monthly salary of $5,200.00.

13. Despite the Agreement, Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter.

14. Plaintiff regularly worked in excess of forty (40) hours during one or more workweeks within three years of the filing of this Complaint.

15. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendant for which no provision was made to properly pay overtime for those hours worked over forty (40) in a work-week.

16. During the entirety of Plaintiff's employment with Defendant, Plaintiff worked an average of approximately fifty (50) to sixty (60) hours per week but Plaintiff was incorrectly paid a salary of $5,200.00 per month.

17. Defendant and its representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

18. In the course of her employment with Defendant, Plaintiff worked the number of hours required of her, but was not properly paid time and one-half for all hours worked in excess of forty (40) hours during a workweek.

19. Starting on August 29, 2019, Defendant's pay period has run from the 28th of the prior month to the 27th of the next month, with the monthly payroll to be deposited on the 27th of each month.

20. March 27, 2020 was the last day of Plaintiff's employment with Defendant but Plaintiff did not receive her monthly salary of $5,200.00 for the prior pay period as scheduled.

21. Instead of compensating Plaintiff as agreed upon in the Agreement, Defendant arbitrarily reduced Plaintiff's compensation for the last month of her employment with Defendant.

22. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

23. Plaintiff is entitled to their reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I – VIOLATION OF FLSA/OVERTIME

24. Plaintiff re-alleges and re-aver paragraphs 1 – 23 as fully set forth herein.

25. During the course of Plaintiff's employment, Defendant has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for

workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

26. During the entirety of Plaintiff's employment, Plaintiff worked an average of approximately fifty (50) to sixty (60) hours per week.

27. Plaintiff was only paid straight time and never overtime.

28. Plaintiff was not exempt from the overtime provision of the FLSA pursuant to 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, or professional employee.

29. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

30. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

31. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

32. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff MEGAN FRASER demands judgment for:

    a. Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

  b. Interest on the amount found due;

  c. Liquidated damages;

  d. Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

  e. Such other relief as the Court deems just and proper.

## COUNT II: UNPAID WAGES

33. Plaintiff re-alleges and re-avers paragraphs 1 – 23 as fully set forth herein.

34. Plaintiff sent a letter of demand to Defendant for her unpaid wages contemporaneously with the filing of this Complaint, which put Defendant on notice of Plaintiff to initiate the instant action, pursuant to Fla. Stat. §448.110(6)(a).

35. During the pay period from February 28, 2020 to March 27, 2020, Plaintiff performed services for Defendant's benefits but did not receive sufficient compensation.

36. Defendant knew that Plaintiff performed services for its benefits for an entire month but refused to compensate Plaintiff properly.

37. As a result of Defendant's failure to compensate Plaintiff properly, she has suffered monetary damages.

WHEREFORE, Plaintiff MEGAN FRASER requests judgment for:

  a. Unpaid wages in the amount to be determined by the Court, less any amount shown as actually paid;

  b. Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to Fla. Stat. § 448.08; and

  c. Such other relief as the Court deems just and proper.

## **COUNT III: BREACH OF CONTRACT**

38. Plaintiff re-alleges and re-avers paragraphs 1 – 23 as fully set forth herein.

39. On or about July 14, 2019, Plaintiff and Defendant entered into the Agreement, wherein Plaintiff would be compensated at a monthly salary of $5,200.00 for her services as a project manager.

40. Plaintiff performed services for Defendant's benefit from the pay period of February 28, 2020 to March 27, 2020, but did not receive her monthly salary of $5,200.00.

41. Defendant refused to pay Plaintiff the full month's salary but decided to arbitrarily reduce Plaintiff's compensation for the last month of her employment.

42. Plaintiff performed all of her obligations pursuant to the Agreement but Defendant breached the Agreement by refusing to pay Plaintiff properly.

43. Plaintiff has been damaged as a result of Defendant's breach of the Agreement.

WHEREFORE, Plaintiff MEGAN FRASER requests judgment for:

    a. Compensatory damages according to proof at trial;

    b. Consequential damages;

    c. Attorneys' fees and costs associated with this action; and

    d. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff MEGAN FRASER hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated:  June 16, 2020.

           **LAW OFFICES OF CHARLES EISS, P.L.**
           Attorneys for Plaintiff
           7951 SW 6th Street, Suite 112
           Plantation, Florida 33324
           (954) 914-7890 (Telephone)
           (855) 423-5298 (Facsimile)

By:   **/s/ Charles Eiss**
        CHARLES M. EISS, Esq.
        Fla. Bar #612073
        chuck@icelawfirm.com
        TIEXIN YANG, Esq.
        Fla. Bar #1010651
        tiexin@icelawfirm.com