## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-22479-UU

MEGAN FRASER,

      Plaintiff,

v.

ENVIRONMENTAL TRACING, LLC,

      Defendant.

_____/

### <u>ORDER</u>

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint (D.E. 9) (the "Motion"). The Court has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.

Plaintiff filed her Complaint on June 16, 2020. D.E. 1 (the "Complaint"). In her Complaint, Plaintiff brings one count for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), based on Defendant's alleged failure to pay Plaintiff overtime [Count I], as well as one count under the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110, for unpaid wages [Count II]. *See* D.E. 1 ¶¶ 24–37. Plaintiff also brings a state law breach of contract claim arising out of her employment agreement, based on Defendant's alleged refusal to pay Plaintiff properly [Count III]. *Id.* ¶¶ 38–43.

In the instant Motion, Defendant moves to dismiss Count II because Plaintiff failed to serve the required FMWA pre-suit demand letter in advance of filing suit. D.E. 9 at 2–3. Defendant also moves to dismiss Count III, arguing that the Court lacks subject matter jurisdiction over the breach of contract claim. *Id.* at 3–4. In the alternative, Defendant moves to strike Plaintiff's claim for

attorney's fees and costs in Count III because there is no contractual nor statutory basis for such claim. *Id.* at 4–5. Plaintiff opposes the Motion. D.E. 12.

Count II is due to be dismissed. The FMWA requires that "**prior to bringing any claim for unpaid minimum wages** pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action." Fla. Stat. § 448.110(6)(a) (emphasis added).  The notice must contain certain information that would allow the employer to cure the violations before the employee files suit. *See id.* "the employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." *Id.* § 448.110(6)(b).  "If the employer fails to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved, **then** the person aggrieved may bring a claim for unpaid minimum wages, the terms of which must be consistent with the contents of the notice." *Id.* (emphasis added).

Here, it is undisputed that Plaintiff did not send her FMWA demand letter until June 16, 2020—contemporaneously with her filing of the Complaint. D.E. 1-3; D.E. 9 at 2–3; D.E. 12 at 3. In other words, Plaintiff did not send her demand letter before bringing her claim for unpaid wages. Her purported pre-suit notice wasn't served pre-suit at all; this violates both the letter and the spirit of the FMWA. Because "a condition precedent to filing suit has not been performed, dismissal of [the] claim is appropriate." *Johnson v. Nobu Assocs. S. Beach, LP*, No. 10-21691-CIV, 2011 WL 780028, at *2 (S.D. Fla. Feb. 4, 2011) (Bandstra, M.J.); *see also id.* at *3 (recommending dismissal for failure to comply with FMWA pre-suit notice requirement).

In efforts to save Count II from dismissal, Plaintiff argues that Count II isn't actually a claim under the FMWA at all.  Instead, she argues it's a claim under Florida common law. D.E.

12 at 2–3.  This argument is belied by the fact that the Complaint itself cites to the FMWA in Count II, explicitly alleging that "Plaintiff sent a letter of demand to Defendant for her unpaid wages contemporaneously with the filing of this Complaint, which put Defendant on notice of Plaintiff to initiate the instant action, pursuant to Fla. Stat. §448.110(6)(a)." D.E. 1 ¶ 34. And even if Count II were to be construed as a Florida common-law claim, it is well-established that the FLSA preempts all common law claims for unpaid wages. *See, e.g.*, *Volcy v. Rose Mgmt. Props., Inc.*, No. 14-61418-CIV-ALTONAGA/O'Sullivan, 2014 WL 12861852, at *1–3 (S.D. Fla. Aug. 12, 2014) (collecting cases).

Though dismissal of Count II is warranted for failure to comply with the pre-suit demand requirement, the Court will dismiss without prejudice so that Plaintiff can promptly serve an actual **pre-suit** demand letter—the demand letter filed contemporaneously with the Complaint is deemed ineffective—give Defendant the required 15 days to cure, and if Defendant does not resolve the claim to Plaintiff's satisfaction, she may "**then**" file an amended complaint that includes an FMWA claim. *See* Fla. Stat. § 448.110(6)(b) (emphasis added); *see also Dominguez v. Design By Nature Corp.*, No. 08-20858-CIV, 2008 WL 4426721, at *2–3 (S.D. Fla. Sept. 25, 2008) (dismissing FMWA claim without prejudice and giving plaintiff 30 days to comply with pre-suit notice requirement and, if necessary, file an amended complaint); *accord Villafana v. Feeding S. Fla., Inc.*, No. 13-60760-CIV, 2013 WL 2646729, at *5 (S.D. Fla. June 12, 2013).

As to Count III, Defendant's argument to dismiss is unpersuasive. Plaintiff's breach of contract claim appears to be pled in the alternative to the FLSA claim. The FLSA claim is premised on the argument that, despite the written employment agreement promising Plaintiff a $5,200.00 monthly salary, Plaintiff should have been treated as an hourly (not salaried) employee and should have been paid FLSA overtime. *See* D.E. 1 ¶¶ 12–17, 24–29.  Count III is premised on the

3

alternative argument that Plaintiff was entitled to her monthly salary of $5,200.00 during her final pay period of February 28, 2020 to March 27, 2020, but that Defendant "arbitrarily reduce[d] Plaintiff's compensation for the last month of her employment." *Id.* ¶¶ 19–21, 38–42.  Such alternative pleading is permissible at this stage. *See, e.g.*, *Williams v. Roto-Rooter Servs. Co.*, No. 2:18-cv-01856-JEO, 2019 WL 4687088, at *4–6 (N.D. Ala. Mar. 8, 2019) (recognizing that breach of express employment contract may be pled as alternative remedy to FLSA claim). And Count III sufficiently arises out of the same nucleus of operative facts—unpaid wages due to Plaintiff—as Plaintiff's federal claims, such that the Court can exercise supplemental jurisdiction over the claim. *Compare Garcia v. Estrella Ins., Inc.*, No. 11-CIV-24028-UU, 2012 WL 13134600 (S.D. Fla. Jan. 31, 2012) (FLSA wage claim not sufficiently related to claim for unpaid commissions under a separate "commission agreement" such that court could not exercise supplemental jurisdiction over commissions claim) *with Hernandez v. Two Bros. Farm, LLC*, 579 F. Supp. 2d 1379, 1381–83 (S.D. Fla. 2008) (where plaintiffs alleged that defendants failed to pay wages guaranteed by FLSA and under a binding employment contract, court could exercise supplemental jurisdiction over wage-based breach of contract claim). The Court will not dismiss Count III.

The Court will, however, strike the claim for attorney's fees in Count III. D.E. 1 ¶ 43(c). Defendant correctly argues that there is no statutory nor contractual basis for an award of attorney's fees as to Plaintiff's breach of contract claim. Further, Plaintiff completely failed to respond to this argument, *see generally* D.E. 12, so the request to strike is granted by default. Accordingly, it is

ORDERED AND ADJUDGED that the Motion, D.E. 9, is GRANTED IN PART AND DENIED IN PART as set forth above. Count II is DISMISSED WITHOUT PREJUDICE. Plaintiff may file an amended complaint by August 24, 2020, to bring an FMWA claim if and only if she properly complies with the statutory pre-suit notice requirement. It is further

ORDERED AND ADJUDGED that Paragraph 43(c) of the Complaint is STRICKEN. It is further

ORDERED AND ADJUDGED that the Initial Planning and Scheduling Conference is RE-SET for **September 4, 2020** at 10:00 A.M.

**ALL OTHER DEADLINES AND HEARINGS—INCLUDING THE AUGUST 24, 2020 SETTLEMENT CONFERENCE, D.E. 8—REMAIN IN FULL FORCE AND EFFECT.**

DONE AND ORDERED in Chambers at Miami, Florida, this _24th__ day of July, 2020.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via CM/ECF